1
2
3
4
5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7   DORI H. KOVEN                        )
                                         )        2:10-cv-00638-LDG -VCF
8                         Plaintiff,     )
                                         )        **ORDER**
9   vs.                                  )
                                         )
10  AMERICAN HONDA MOTOR CO., INC.,      )
                                         )
11                        Defendant.     )
    _____)

12
          Before the court is the parties' Stipulated Protective Order (#27) which the court approved, with

13  the exception of Paragraphs 8 and 12.  This order also reminds counsel that there is a presumption of public

14  access to judicial files and records.  The above referenced paragraphs of the parties' proposed stipulation

15  were not approved and were deleted by the court.  Paragraph 8 addressed using "Covered Matter" during

16  pre-trial proceeding, and ordered the parties to comply with Local Rule 79-5, which does not exist in this

17  court's local rules.  (#27).  Paragraph 12 stated that "[a]ll documents of any nature (including without

18  limitation exhibits, briefs, affidavits, motions, etc.) that are filed with the Court for any purpose and that

19  contain CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be filed

20  in sealed envelopes or other sealed containers marked with the title of this proceeding, and identifying each

21  document and thing therein and bearing a statement substantially in the following form: THIS

22  DOCUMENT CONTAINS MATERIALS THAT ARE CONFIDENTIAL OR CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY AND COVERED BY A PROTECTIVE ORDER."  *Id.*

24        Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on

25  or after November 7, 2005, in electronic form.  The electronic record constitutes the official record of the

26  court.  Attorneys must file documents under seal using the court's electronic filing procedures.  *See* LR 10-

27  5(b).  That rule provides:

28              Unless otherwise permitted by statute, rule or prior Court order, papers
                filed with the Court under seal shall be accompanied by a motion for leave

1    to file those documents under seal, and shall be filed in accordance with the
2    Court's electronic filing procedures.  If papers are filed under seal pursuant
     to prior Court order, the papers shall bear the following notation on the first
3    page, directly under the case number: "FILED UNDER SEAL PURSUANT
     TO COURT ORDER DATED _____."  All papers filed under seal
4    will remain sealed until such time as the Court may deny the motion to seal
     or enter an order to unseal them, or the documents are unsealed pursuant to
     Local Rule.

5    *Id.*

6        A party seeking to file a confidential document or utilize a confidential document at trial must also

7    comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172

8    (9th Cir. 2006):

9        Unless a particular court record is one "traditionally kept secret," a "strong
         presumption in favor of access" is the starting point. ... A party seeking to
10       seal a judicial record then bears the burden of overcoming this strong
         presumption by meeting the "compelling reasons" standard. ... that is, the
11       party must "articulate[ ] compelling reasons supported by specific factual
         findings," that outweigh the general history of access and the public
12       policies favoring disclosure ....
         In general, "compelling reasons" sufficient to outweigh the public's
13       interest in disclosure and justify sealing court records exist when such
         "court files might have become a vehicle for improper purposes," such as
14       the use of records to gratify private spite, promote public scandal, circulate
         libelous statements, or release trade secrets. ... The mere fact that the
15       production of records may lead to a litigant's embarrassment, incrimination,
         or exposure to further litigation will not, without more, compel the court to
16       seal its records.

17       *Id.* at 1178-79 (citations omitted).

18       To justify the sealing of discovery materials attached to non-dispositive motions, a particularized

19   showing of good cause is required.  *Id.* at 1180.  To justify the sealing of discovery materials attached to

20   dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that

21   *compelling reasons* support secrecy.  *Id.*  "A 'good cause' showing will not, without more, satisfy a

22   'compelling reasons' test."  *Id.*  When private discovery materials are attached to a dispositive motion (or

23   response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public

24   documents almost by definition, and the public is entitled to access by default." *Id.*

25       Accordingly, and for good cause shown,

26       **IT IS ORDERED** that:

27       1.    Paragraphs 8 and 12 of the parties' Stipulated Protective Order (#27) are **NOT**

28             **APPROVED**.

2

2.      The parties shall comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3.      The parties' Stipulated Protective Order (#27), as modified and signed by the court, is **APPROVED.**

Dated this 23rd day of May, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADAMS LAW GROUP, LTD.
James R. Adams, Esq. (Nevada Bar No. 6874)
Assly Sayyar, Esq. (Nevada Bar No. 9178)
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone:  +1.702.838.7200
Facsimile:  +1.702.838.3636
E-mail:   james@adamslawnevada.com
              assly@adamslawnevada.com

*Attorneys for Plaintiff Dori Koven*

LATHAM & WATKINS LLP
Mark S. Mester (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767
E-mail:   mark.mester@lw.com

*Attorneys for Defendants American
Honda Motor Co., Inc.*

(*Additional Attorneys Listed On Signature Page*)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DORI H. KOVEN, on behalf of herself and all those similarly situated,<br><br>                                            Plaintiff,<br><br>        v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>                                            Defendant. | CASE NO. 2:10-cv-00638-LDG-VCF<br><br>**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>**Judge Lloyd D. George<br>Magistrate Judge Cam Ferenbach**<br><br>**PROPOSED CLASS ACTION** |

Plaintiff Dori H. Koven ("Plaintiff") and Defendant American Honda Motor Co.,

Inc. ("AHM," and collectively with Plaintiff, the "Parties") stipulate to entry of the proposed

protective order attached hereto as Exhibit A.  In support of this stipulation, the Parties state as

follows:

    1.    The Parties are in the process of completing discovery on the issue of whether

Plaintiff and her counsel can satisfy the requirements of Fed. R. Civ. P. 23 for certification of the

proposed class.

2.      Pursuant to the Court's March 9, 2012 Order, that discovery is scheduled to be concluded on May 15, 2012.  See March 9, 2012 Order (Dkt. #26).

3.      In order to complete class discovery, the Parties need to exchange certain documents and information that contain confidential, personal and/or proprietary information. Among other things, certain of the documents requested by Plaintiff and her counsel from AHM fall within the scope of Pioneer Electronics v. Superior Court, 40 Cal.4th 360 (2007), and can be produced only if appropriate safeguards are in place.

4.      Accordingly, the Parties respectfully request the entry by the Court of the proposed protective order attached hereto as Exhibit A.

DATED:  May 22, 2012                              Respectfully submitted,


COUNSEL FOR PLAINTIFF                  COUNSEL FOR DEFENDANT
DORI H. KOVEN                                     AMERICAN HONDA MOTOR CO., INC.

By: /s/ James R. Adams, Esq.                    By: /s/Mark S. Mester, Esq.

ADAMS LAW GROUP, LTD.              LATHAM & WATKINS LLP
James R. Adams, Esq. (Nevada Bar No. 6874)   Mark S. Mester (pro hac vice)
Assly Sayyar, Esq. (Nevada Bar No. 9178)   233 South Wacker Drive, Suite 5800
8010 W. Sahara Ave., Suite 260          Chicago, Illinois  60606
Las Vegas, Nevada 89117                 Telephone:  +1.312.876.7700
Telephone:  +1.702.838.7200            Facsimile:  +1.312.993.9767
Facsimile:  +1.702.838.3636            E-mail:mark.mester@lw.com
E-mail:   james@adamslawnevada.com
          assly@adamslawnevada.com      LAW OFFICES OF GREG W. MARSH, P.C.
                                        Greg W. Marsh (Nevada Bar No. 000322)
                                        731 South 7th Street
                                        Las Vegas, Nevada 89101-6907
                                        Telephone:  +1.702.387.0052
                                        Facsimile:  +1.702.387.0063
                                        E-mail: Gwm4253@aol.com

1

2

3

4

BOWMAN AND BROOKE LLP
Curtis J. Busby (Nevada Bar No. 006581)
2901 North Central Avenue, Suite 1600
Phoenix, Arizona  85012
Telephone:  +1.602.643.2402
Facsimile:  +1.602.248.0947
E-mail:  curtis.busby@bowmanandbrooke.com

5

6

*Attorneys for Defendant*
*American Honda Motor Co., Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF System Registrants:

James R. Adams
ADAMS LAW GROUP
8681 W. Sahara Avenue
Suite 280
Las Vegas, NV 89117
Email: james@arlawgroup.com

Assly Sayyar
ADAMS LAW GROUP
8681 W. Sahara Avenue
Suite 280
Las Vegas, NV 89117
Email: assly@adamslawnevada.com

By: /s/Mark S. Mester, Esq.

LATHAM & WATKINS LLP
Mark S. Mester (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767
E-mail:mark.mester@lw.com

*Attorneys for Defendant*
*American Honda Motor Co., Inc.*

# EXHIBIT A

ADAMS LAW GROUP, LTD.
James R. Adams, Esq. (Nevada Bar No. 6874)
Assly Sayyar, Esq. (Nevada Bar No. 9178)
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone:  +1.702.838.7200
Facsimile:  +1.702.838.3636
E-mail:   james@adamslawnevada.com
           assly@adamslawnevada.com

*Attorneys for Plaintiff Dori Koven*

LATHAM & WATKINS LLP
Mark S. Mester (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois  60606
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767
E-mail:   mark.mester@lw.com

*Attorneys for Defendants American*
*Honda Motor Co., Inc.*

(*Additional Attorneys Listed On Signature Page*)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DORI H. KOVEN, on behalf of herself and all those similarly situated, | CASE NO. 2:10-cv-00638-LDG-VCF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **Judge Lloyd D. George**<br>**Magistrate Judge Cam Ferenbach** |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | **CLASS ACTION** |

The parties to the above-captioned lawsuit possess information related to the subject matter of this action that is confidential, and they recognize that in the course of discovery proceedings, it may be necessary to disclose such information.  Much of this information is, in turn, protected as trade secrets and confidential business information or is otherwise protected by law, as it contains, inter alia, private information concerning persons and entities that are not parties to this lawsuit.  Accordingly, each party wishes to ensure that such information shall be

1

1  subject to appropriate safeguards and shall not be used for any purpose other than the

2  proceedings in this case.

3          Pursuant to Federal Rule of Civil Procedure 26(c), to protect the trade secrets and

4  confidential business and other information of the parties and third parties, the parties to this

5  action, by and through their respective counsel, hereby stipulate to the following protective order

6  for the protection of confidential information, documents and other things produced or given as

7  part of the disclosure, discovery or litigation process in this action ("Protective Order").

8          IT IS HEREBY ORDERED THAT:

9          1.      Application Of This Protective Order. All information, testimony, things or

10  documents filed with the Court or produced or given (either by a party or by a non-party) as part

11  of discovery in this action shall be governed by this Protective Order, including without

12  limitation all transcripts, exhibits, answers to interrogatories, copies thereof, other documents

13  and things, and all information otherwise obtained from a party pursuant to discovery and/or trial

14  in this litigation that any party designates as "CONFIDENTIAL" or "CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY" (hereafter, collectively referred to as "Covered Matter").

16          2.      Confidential Designation. A party (the "Designating Party") may designate as

17  "CONFIDENTIAL" the whole or portion of any document or thing that the Designating Party

18  reasonably believes in good faith in accordance with Fed. R. Civ. P. 26(c) contains confidential

19  information, including but not limited to research, development, product design, financial,

20  technical, marketing, surveys, product planning, personal and/or commercial information not

21  readily available to the public.

22          3.      Confidential – Attorneys' Eyes Only Designation. A Designating Party may

23  designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the whole or that portion of

24  any confidential information that the Designating Party reasonably believes in good faith in

25  accordance with Fed. R. Civ. P. 26(c) contains highly sensitive information that, if disclosed,

26  would or may cause harm, including but not limited to any (a) trade secrets, (b) confidential or

27  competitively sensitive research, development, financial or commercial information, or

28

2

1  (c) highly sensitive personal information (such as customer names, credit information, addresses

2  and/or social security numbers). In addition, for confidential information that American Honda

3  Motor Co., Inc. ("American Honda") in good faith reasonably believes contains especially

4  sensitive information, the disclosure of which to a competitor would likely result in harm to

5  American Honda, American Honda shall further designate such confidential information as

6  "COMPETITIVELY SENSITIVE."

7      4.    <u>Designating And Marking Covered Matter</u>. Confidential Matter to be designated

8  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this

9  Protective Order shall be designated and marked as follows:

10     A.    <u>Documents</u>. Documents may be designated as "CONFIDENTIAL" by

11 placing on each page the following legend (or equivalent thereof) on any such document:

12 "CONFIDENTIAL." Documents may be designated as "CONFIDENTIAL – ATTORNEYS'

13 EYES ONLY" by placing on each page the following legend (or equivalent thereof) on any such

14 document: "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15     B.    <u>Magnetic Or Optical Media Documents</u>. The parties agree that for

16 materials on magnetic or optical media (such as floppy diskette, CD or DVD), the medium

17 container and the medium itself shall both be marked or labeled with the appropriate

18 confidentiality notice as described in Paragraph 4(A) above, and the contents thereof shall be

19 treated in accordance with this Order. To the extent that any party prints any of the information

20 contained on magnetic or optical media that is designated as Covered Matter, such printouts will

21 be marked as described in Paragraph 4(A) above.

22     C.    <u>Physical Exhibits</u>. The confidential status of a physical exhibit shall be

23 indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as

24 described in Paragraph 4(A) above.

25     D.    <u>Written Discovery</u>. In the case of information incorporated in answers to

26 interrogatories or responses to requests for admission, the appropriate confidentiality designation

27

28

3

1   as described in Paragraph 4(A) above shall be placed on each answer or response that contains

2   Covered Matter.

3           E.      Deposition Proceedings.  Whenever Covered Matter is to be disclosed in a

4   deposition, prior to making such disclosure, the party proposing to do so shall inform the witness

5   on the record that the use of such information is subject to the terms of this Protective Order. If

6   any person other than the witness is present at the deposition and does not come within the

7   categories of persons defined in Paragraphs 9 or 10 of this Protective Order, that person shall not

8   be permitted to be present while Covered Matter is used during the deposition.

9           F.      Designation Of Transcripts.  The attorney for any party or third party shall

10  designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY" by making such designation on the record during the deposition.

12  The portions designated during the deposition as "CONFIDENTIAL" or "CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" shall be separated and treated as provided in Paragraphs 2 or 3 of

14  this Protective Order (as appropriate) and shall be fully subject to the relevant provisions of this

15  Protective Order. Transcripts that are not so designated on the record shall nevertheless be

16  treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until thirty (30) days after receipt

17  of the deposition transcript by counsel for the witness during which period counsel for the

18  witness may designate those portions of the deposition transcript (including exhibits) as

19  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as appropriate).

20  All portions of any deposition transcript not designated as "CONFIDENTIAL" or

21  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be free from the provisions of this

22  Protective Order.

23          5.      Inadvertent Misdesignation.  A Designating Party that inadvertently fails to mark

24  an item as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or

25  marks an item with an incorrect designation of confidentiality) at the time of production shall not

26  be deemed to have waived in whole or in part any claim of confidentiality, either as to the

27  specific information disclosed or as to any other information on the same or related subject

28

4

matter.  Any such material shall be correctly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Designating Party becomes aware of the incorrect designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

6.      <u>Challenging Designation Of Covered Matter</u>.  A party may challenge the designation of Covered Matter as follows:

A.      If a party believes that material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall then attempt to resolve such dispute in good faith on an informal basis.

B.      If the parties are unable to resolve their dispute informally, then the person challenging the designation (the "Challenging Party") may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested Covered Matter is confidential and/or is entitled to the level of confidentiality selected by the Designating Party. In any event, unless and until a Court ruling is obtained changing a designation, or the Designating Party agrees otherwise in writing, the material involved shall be treated according to its existing designation.

<b><u>LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER</u></b>

7.      <u>Use Of Covered Matter</u>.  All material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purposes of this lawsuit and not for any other litigation, business or other purposes whatsoever.  All Covered Matter designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the party or parties to whom the information is produced solely for the

5

1   purposes of this case.  Unauthorized use of Covered Matter includes, but is not limited to,

2   disclosure of such materials to the public as inclusion in pre- or post-termination publicity

3   regarding the litigation and disclosure of such materials to any person who is not authorized by

4   Paragraphs 9 and 10 to have access to such materials.  No Covered Matter shall be disclosed to

5   any person who is currently employed or retained by a competitor and participates in (a)

6   competitive decision making, which is defined as activities, association, and relationship with a

7   client that are such as to involve counsel's advice or participation in any or all of the client's

8   decisions (pricing, product design, etc.) made in light of similar or corresponding information

9   about a competitor or (b) patent prosecution activities that are materially related to the defect

10  alleged to be at issue in the litigation.   For purposes of this Protective Order, "patent prosecution

11  activities" include, without limitation: invention identification; invention evaluation; the decision

12  whether to file a patent application for an invention; preparation of and/or amendments to

13  original, continuation, divisional, continuation in-part, request for continued examination,

14  reexamination, reissue, substitute, renewal, or convention applications; claim drafting; or

15  consultation on any of the above activities.  Notwithstanding any provision in this agreement,

16  unauthorized use of Covered Matter does not encompass materials that (a) were in the recipient's

17  possession before receipt from the discloser, (b) are or become publicly known without breach

18  by the recipient, (c) are rightfully received by the recipient from a third party without a duty of

19  confidentiality, (d) are disclosed by the discloser to a third party without a duty of confidentiality

20  on the third party, (e) are independently developed or learned by the recipient or (f) are disclosed

21  by the recipient with the discloser's prior written approval.

22          8.      Use of Covered Matter During Court Proceedings.  ~~In the event that any Covered~~

23  ~~Matter is used in any pre-trial proceeding in this litigation (including but not limited to~~

24  ~~conferences, oral arguments or hearings), the Covered Matter shall not lose its status as Covered~~

25  ~~Matter through such use.  For the purposes of hearings on motions, designation or citation in the~~

26  ~~briefs of Covered Matter shall be considered to be sufficient notice to a party with respect to~~

27  ~~information and documents referenced therein.  Otherwise, no fewer than twenty-four ((24)~~

28

~~hours prior to such pre-trial proceeding, the party intending to use Covered Matter shall notify~~

~~the Designating Party of its intention to use such material. The party seeking to use the Covered~~

~~Matter shall take all steps reasonably required to protect the confidentiality of the Covered~~

~~Matter during such use, subject to the approval of the Court. The parties agree to meet and~~

~~confer in good faith to establish procedures, in accordance with this Court's standing orders, for~~

~~the use of Covered Matter at any pre-trial proceeding and/or at trial (if any). When using any~~

~~Covered Matter in pre-trial proceeding in this litigation, the parties shall comply with L.R. 79-5~~

~~and this Court's standing orders.~~

9.    <u>Disclosure Of "Confidential – Attorneys' Eyes Only" Materials</u>.  Covered Matter designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be given, shown, made available or communicated in any way to anyone other than:

A.    <u>Counsel</u>. In-house counsel and outside counsel of record ("Outside Counsel") for the respective parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel.

B.    <u>Consultants And Experts</u>. Consultants or expert witnesses retained specifically for the prosecution or defense of this litigation, provided that each such person has been cleared in accordance with the procedures set forth in Paragraph 11 below.

C.    <u>Judicial Personnel</u>. The Court, Court personnel and Court reporters in connection with this action

D.    <u>Designated Representatives</u>. Designated representatives who are employees or officers of any named party to the litigation, provided that each designated representative executes, before receiving the disclosure, a copy of the Certification attached to this Protective Order as Exhibit A.

E.    <u>Witnesses</u>. Witnesses.

10.    <u>Disclosure Of "Confidential" Materials</u>. Covered Matter designated as CONFIDENTIAL may be revealed to the persons designated in Paragraph 9 above, as well as to designated representatives who are employees or officers of any named party to the litigation,

7

1   provided that each designated representative executes, before receiving the disclosure, a copy of

2   the Certification attached to this Order as Exhibit A. The procedures set forth in Paragraph 9

3   above shall also be applicable to materials designated CONFIDENTIAL.

4      11. <u>Clearing Of Consultants And Experts To See Designated Materials</u>. Prior to the

5   disclosure to a consultant or expert witness of documents that have been designated as

6   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, the party wishing to

7   make the disclosure shall cause the Consultant/Expert to execute the Consultant/Expert

8   Certification form attached hereto as Exhibit B. Disclosure may be made to consultants,

9   investigators, or experts (collectively, "Experts") employed or retained by the Parties or counsel

10   for the Parties to assist in the preparation and trial of the lawsuit subject to the restrictions set

11   forth below. The parties agree that non-testifying Experts identified pursuant to this Paragraph

12   11 will not be deposed or contacted, formally or informally, by the party to whom disclosure of

13   their identity is made.

14      12. <u>Submission Of Covered Matter To The Court</u>. ~~All documents of any nature~~

15   ~~(including without limitation exhibits, briefs, affidavits, motions, etc.) that are filed with the~~

16   ~~Court for any purpose and that contain CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'~~

17   ~~EYES ONLY information shall be filed in sealed envelopes or other sealed containers marked~~

18   ~~with the title of this proceeding, and identifying each document and thing therein and bearing a~~

19   ~~statement substantially in the following form:~~

20        ~~THIS DOCUMENT CONTAINS MATERIALS THAT ARE~~
    ~~CONFIDENTIAL OR CONFIDENTIAL – ATTORNEYS' EYES ONLY~~

21        ~~AND COVERED BY A PROTECTIVE ORDER.~~

22      13. <u>Protecting Covered Matter</u>. Any person who receives any Covered Matter shall

23   maintain such material in a secure and safe area and shall exercise due and proper care with

24   respect to the storage, custody, use and/or dissemination of such material. No copies of any

25   Covered Matter shall be made except to the extent necessary for litigation. If the duplicating

26   process by which copies of Confidential Information are made does not reproduce the

27   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY stamp appearing on the

28

8

original, all copies shall be stamped with the original CONFIDENTIAL or CONFIDENTIAL –

ATTORNEYS' EYES ONLY designation.   All copies of CONFIDENTIAL and

CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be kept in secure areas of

the offices of attorneys of record or experts who are consulted concerning this matter.

Documents contained on magnetic or optical media which are printed out by the receiving party

shall be labeled with the same designation in which they were produced in paper format and as

designated on the media itself.   No persons other than those listed in Paragraphs 9 and 10 may

make or cause to be made any copies of Covered Matter.

14.   <u>Improper Disclosure Of Covered Matter</u>.   If any Covered Matter is disclosed to

any person other than in a manner authorized by this Protective Order, the party responsible for

the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall

immediately inform the Designating Party of all facts pertinent to the disclosure that, after due

diligence and prompt investigation, are known to the party responsible for the disclosure or

knowledgeable of the disclosure (including without limitation the name, address and employer of

the person to whom the disclosure was made), and shall immediately make all reasonable efforts

to prevent further disclosure by each unauthorized person who received such information.

15.   <u>Conclusion Of Litigation</u>.   All provisions of this Protective Order restricting the

communication or use of Covered Matter shall continue to be binding after the conclusion of this

action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the

running of any time to appeal or to move for relief under Fed. R. Civ. P. 59 or 60 and the

conclusion of any appeals or motions for relief under Fed. R. Civ. P. 59 or 60, a party in

possession of Covered Matter shall destroy all such Covered Matter within the time period upon

consent of the Designating Party and certify in writing within thirty (30) days that the documents

have been destroyed.   Notwithstanding anything to the contrary above, the parties and their

Outside Counsel shall be entitled to retain one copy of the pleadings and correspondence in the

action for their files, provided that they return or destroy all exhibits to such pleadings or

correspondence that have been designated as Covered Matter.

16.   <u>Attorney-Client Privilege And Work Product Protections</u>.  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege.

## **GENERAL PROVISIONS**

17.   <u>Jurisdiction</u>.  Any person receiving Covered Matter under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

18.   <u>No Admissions</u>.  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential or a trade secret.  Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Covered Matter in its sole and complete discretion.  In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request.

19.   <u>Use Of The Protective Order</u>. This Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the Covered Matter obtained under the protection of this Protective Order may only be used for this case. It is expressly ordered that this Protective Order will not in any manner be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Protective Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Protective Order. It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Protective Order.

20.   Modification Of Protective Order. Any party for good cause may apply to the Court for a modification of this Protective Order. In the event such an application is made, the parties shall be bound by the terms of this Protective Order unless and until it is modified by the Court.

IT IS SO ORDERED:

_____
United States Magistrate Judge Cam Ferenbach

DATED: _____5-23-2012_____

11

| 1 | COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|---|
| | DORI H. KOVEN | AMERICAN HONDA MOTOR CO., INC. |

2

3  By: /s/ James R. Adams, Esq.            By: /s/Mark S. Mester, Esq.

4  ADAMS LAW GROUP, LTD.              LATHAM & WATKINS LLP
   James R. Adams, Esq. (Nevada Bar No. 6874)   Mark S. Mester (*pro hac vice*)
5  Assly Sayyar, Esq. (Nevada Bar No. 9178)    233 South Wacker Drive, Suite 5800
   8010 W. Sahara Ave., Suite 260          Chicago, Illinois  60606
6  Las Vegas, Nevada 89117             Telephone:  +1.312.876.7700
   Telephone:  +1.702.838.7200          Facsimile:  +1.312.993.9767
7  Facsimile:  +1.702.838.3636          E-mail: mark.mester@lw.com
8  E-mail:    james@adamslawnevada.com     LAW OFFICES OF GREG W. MARSH, P.C.
            assly@adamslawnevada.com     Greg W. Marsh (Nevada Bar No. 000322)
9                              731 South 7th Street
                               Las Vegas, Nevada 89101-6907
10                              Telephone:  +1.702.387.0052
                               Facsimile:  +1.702.387.0063
11                              E-mail:  Gwm4253@aol.com

12                              BOWMAN AND BROOKE LLP
                               Curtis J. Busby (Nevada Bar No. 006581)
13                              2901 North Central Avenue, Suite 1600
                               Phoenix, Arizona  85012
14                              Telephone:  +1.602.643.2402
                               Facsimile:  +1.602.248.0947
15                              E-mail:  curtis.busby@bowmanandbrooke.com

16                              *Attorneys for Defendant*
                               *American Honda Motor Co., Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

12

**EXHIBIT A**
**CERTIFICATION  CONCERNING MATERIAL**
**COVERED BY STIPULATED  PROTECTIVE  ORDER**

I, the undersigned,  hereby certify that I have read and understand  the attached Stipulated

Protective  Order entered in <u>Dori H. Koven v. American  Honda Motor Co., Inc.</u>  I understand  that

Covered Matter being provided  to me is governed  by the terms of the Protective  Order. I

understand  that Covered Matter is not to be reviewed  by persons who are employed  or retained

by a competitor  and who engage (1) in patent prosecution  activities  (including  inventors),  or

(2) competitive  decision  making,  as defined  as activities,  association,  and relationship  with a

client  that are such as to involve  counsel's  advise or participation  in any or all of the client's

decisions  (pricing,  product design,  etc) make in light of similar  or corresponding  information

about a competitor  except as provided  for in this Protective  Order, and I hereby certify that if I

am such a person, I will  decline  to receive  such material.   I agree to be bound by the terms of the

Protective  Order and to submit  to the personal jurisdiction  of the United  States District  Court for

the District  of Nevada  with respect to any proceeding  related  to the enforcement  of this

Protective  Order, including  any proceedings  related  to contempt of Court. I will  not disclose

Covered Matter to anyone  other than persons specifically  authorized  by the Order or use the

Covered Matter for any purpose other than this case. I will  maintain  all such Covered Matter

including  copies, notes, or other transcriptions  made therefrom  in a secure manner  to prevent

unauthorized  access to it. I will  return the Covered Matter including  copies, notes, or other

transcriptions  made therefrom  to the counsel  from whom I received  such materials.

I declare  under penalty  of perjury  that the foregoing  is true and correct.

Name of Individual:  _____

Company or Firm:_____

Address:_____

Telephone  No.:_____

Relationship  to this action and its parties:  _____

Dated:_____   Signature:_____

A-1

## EXHIBIT B
## CONSULTANT EXPERT CERTIFICATION

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in <u>Dori H. Koven v. American Honda Motor Co., Inc.</u> I understand that Covered Matter is being provided to me pursuant to the terms of this Protective Order. I understand the terms of this Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Nevada with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Covered Matter to anyone other than persons specifically authorized by the Protective Order or use the Covered Matter for any purpose not appropriate or necessary to my participation in this case. I will maintain all such Covered Matter including copies, notes, or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Covered Matter including copies, notes, or other transcriptions made therefrom to the counsel from whom I received such materials.

I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant Certification and during the pendency of the Action, I become engaged in business as or for a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Covered Matter marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this action and its parties: _____

Dated:_____        Signature_____

B-1